IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM JARVIS,

    Plaintiff,

v.                                                    CASE NO. 4:07-cv-00111-MP-WCS

BUREAU OF ALCOHOL,
TOBACCO, FIREARMS,
and EXPLOSIVES,

    Defendant.

_____/

## **O R D E R**

       This matter is before the Court on Doc. 46, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion for Summary Judgment, Doc. 29, be granted, and that Plaintiff's amended motion for summary judgment, Doc. 38, be denied. The Magistrate Judge filed the Report and Recommendation on Friday, June 6, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. Plaintiff has filed objections to the Magistrate's Report, Doc. 47. Nevertheless, for the following reasons, the Magistrate's Report is adopted, and the Defendant's Motion for Summary Judgment is granted.

       Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In determining the existence of a genuine issue of material fact, the Court views the facts in a light

favorable to the non-moving party, with the moving party bearing the burden of demonstrating the lack of a genuine issue.  If the movant successfully discharges this burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, the existence of a genuine issue of material fact.  <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u> 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir.1991).  An issue of material fact is genuine if the evidence in the record would allow a reasonable jury to return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed. 2D 202 (1986).  If a non-moving party bears the burden of proof at trial, the moving party is entitled to summary judgment by showing that the non-moving party cannot prove an essential element of their cause of action through the admissible evidence in the record.  As explained by the Supreme Court for the United States:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The purpose of the Court in deciding a summary judgment motion is not to decide issues of material fact, but rather to determine whether such issues exist to be tried.

In his complaint, Plaintiff alleges that he sent a request under the Freedom of Information Act ("FOIA") to Defendant Bureau of Alcohol, Tobacco, and Firearms ("ATF") for certain reports and documents, but that Defendant willfully failed to provide the requested documents or

unnecessarily redacted portions from the documents. Because the Defendant has shown that it conducted a reasonable search, under the circumstances, for the all of the documents related to the ATF criminal investigation, the Magistrate concludes that Defendant is entitled to summary judgment. As for the redacted documents provided to Plaintiff, the Magistrate finds that Defendant's asserted privacy interest falls within the statutory exemption, and that no significant public interest will be advanced by disclosure. As the Magistrate points out, the witnesses who were interviewed, and the ATF agents and employees who were involved in conducting the investigation into the death of Plaintiff's former wife, have significant privacy interests in their names and the details of their statements.

In his objections, Plaintiff states that the Defendant failed to provide copies of all requested documents. Plaintiff filed two requests under FOIA, with the second request nearly identical to the first except for the request for *copies* of documents, rather than a *summary* of these documents. In the second request, Plaintiff states that the letter was "a repeat of a request mailed several weeks ago, which has gone unanswered." After reviewing the matter, the Court agrees with the Magistrate that Defendant has shown that it conducted a reasonable search. Defendant complied in good faith with all requests for documents, and any errors in the production of documents were as a result of the confusion generated by Plaintiff's multiple reworded requests.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion for Summary Judgment, Doc. 29, is GRANTED.

3. Plaintiff's Motion for Summary Judgment, Doc. 38, is DENIED.

**DONE AND ORDERED** this   *30th* day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge